UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTIAN SANCHEZ,

                              Plaintiff,

                              13-CV-2536 (JPO)

          -v-

                              OPINION AND ORDER

UNITED STATES OF AMERICA,

                              Defendant.
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

      Plaintiff Christian Sanchez sues the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for the alleged negligent driving of a federal employee, which Sanchez claims caused him serious injuries. He seeks damages in the amount of $2,000,000. Before the Court is Sanchez's motion for summary judgment on the issue of liability only. For the reasons that follow, the motion is denied.

**I.    Background**

      The following facts are not in dispute unless otherwise noted.[1] This action concerns an accident that occurred on May 13, 2011, at approximately 3:30 p.m., on York Avenue between East 88th and 89th Streets in New York City. (Pl. SUF ¶¶ 3, 12-13.) The accident involved a collision between a vehicle driven by Steven Deck and a bicycle operated by Sanchez. (*Id.* ¶¶ 4-7.)

---

[1] The facts are drawn from Plaintiff's Rule 56.1 Statement (Dkt. No. 38 Ex. 1 ("Pl. SUF")); Defendant's Response to Plaintiff's Rule 56.1 Statement (Dkt. No. 43); the Affirmation of Glenn H. Shore in Support of Plaintiff's Motion for Summary Judgment (Dkt. No. 33 ("Shore Aff.")), and the exhibits attached thereto; and the Declaration of Christopher Connolly in Opposition to Plaintiff's Motion for Summary Judgment (Dkt. No. 42 ("Connolly Decl.")), and the exhibits attached thereto.

1

At the time of the accident, Deck was an Investigator Specialist employed by the Federal Bureau of Investigation (*id.* ¶ 9), and was taking part in surveillance activities in connection with his employment (Shore Aff. Ex. 6 ("Deck Tr.") at 18:16-21). He was driving south on York Avenue in a Dodge Avenger, traveling alone. (*Id.* at 18:7-9; Pl. SUF ¶¶ 6, 20.) As he was driving, he decided to turn around. (Deck Tr. 35:5-12.) He made a U-turn at East 88th Street, into the northbound lanes of York Avenue. (Pl. SUF ¶ 21.)[2] He executed the turn at a speed of 10 to 15 miles per hour. (*Id.* ¶ 23.) At the same time, Sanchez—who had just left work and was on his way home—was traveling north on York Avenue on his bicycle. (Shore Aff. Exs. 4-5 ("Sanchez Tr.") at 98:4-99:4.)

When Deck turned into the northbound lanes of York Avenue, he and Sanchez collided. The details of the collision are disputed. Deck testified in his deposition that he did not see Sanchez when he made the turn (Deck Tr. at 42:22-43:7), and that the accident occurred when his turn was nearly complete, at which point the vehicle was facing forward, at a 45-degree angle with the road (*id.* at 45:5-9, 46:20-23). Sanchez testified that he first observed Deck's vehicle a block away, double parked on the southbound side of York Avenue, and did not see it again until it hit him from behind. (Sanchez Tr. at 107:12-110:25.) Based on this testimony, Sanchez contends that Deck caused the collision when his vehicle struck Sanchez (Dkt. No. 38, Memorandum of Law in Support of Motion for Summary Judgment ("Pl. Memo"), at 1), while the Government argues that Deck's testimony, along with the Police Accident Report (*see* Shore Aff. Ex. 2), support the conclusion that Sanchez caused the accident when he struck Deck's

---

[2] On the block between 88th and 89th streets, where the accident occurred, York Avenue has two southbound lanes of traffic and two northbound lanes of traffic, separated by a double yellow line. (Pl. SUF ¶¶ 15-16.)

vehicle from behind (Dkt. No. 41, Memorandum of Law in Opposition to Motion for Summary Judgment, at 9).

## II.     Legal Standards

### A.     Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Rule 56). A fact is material if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is genuine if, considering the record as a whole, a rational jury could find in favor of the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). If the movant meets this initial burden of production, the non-moving party must then identify specific facts demonstrating a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. In determining whether there is a genuine dispute as to a material fact, the court views all evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *See Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 427 (2d Cir. 2009). The court's role is not to "weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002). Rather, "it is confined to deciding whether a rational juror could find in favor of the non-moving party." *Id.* (citing *Anderson*, 477 U.S. at 249).

### B.     FTCA

Sanchez brings his claim under the FTCA, which provides that tort liability for an accident based on the alleged negligence of a United States employee is governed by the laws of the state where the accident occurred—in this case, New York. *Makarova v. United States*, 201 F.3d 110, 114 (2d Cir. 2000). Under New York law, a plaintiff must establish three elements in order to succeed on a negligence claim: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the breach was the proximate cause of the plaintiff's injuries. *See, e.g.*, *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002) (citing *Merino v. N.Y.C. Transit Auth.*, 218 A.D.2d 451, 457 (N.Y. App. Div. 1996)).

### III.    Discussion

#### A.    Negligence Per Se

Sanchez asserts that the undisputed material facts in the record demonstrate that Deck's U-turn violated various traffic laws, and thereby constituted "negligence per se." (Pl. Memo at 2-5.) As a general matter, New York follows the common law rule that a violation of a state statute that imposes a specific duty constitutes negligence per se. *See, e.g.*, *Yenem Corp. v. 281 Broadway Holdings*, 964 N.E. 2d 391, 394 (N.Y. 2012) (citing *Elliott v. City of New York*, 747 N.E. 2d 760, 762 (N.Y. 2001)). In other words, the violation of a state statute that creates a duty establishes the first two elements of a negligence claim: duty and breach. *See Dance v. Town of Southampton*, 95 A.D.2d 442, 445-46 (N.Y. App. Div. 1983) ("Negligence per se is not liability per se, however, because the protected class member still must establish that the statutory violation was the proximate cause of the occurrence."). As relevant here, a violation of the New York Vehicle and Traffic Law ("VTL") is negligence per se. *See Gray v. Wackenhut Servs., Inc.*, 446 F. App'x 352, 354 (2d Cir. 2011) (summary order) (citing *Elliott*, 747 N.E.2d at 762); *see also Jones v. Radeker*, 32 A.D.3d 494, 495-96 (N.Y. App. Div. 2006) (entrance into an

intersection in violation of VTL constituted negligence per se). Sanchez identifies three sections of the VTL which he claims Deck violated in making a U-turn on York Avenue. He fails to establish on the undisputed record, however, that Deck's U-turn violated these provisions.[3]

Sanchez first asserts that Deck violated the rule that "[w]hen official markings are in place indicating those portions of any highway where overtaking and passing or driving to the left of such markings would be especially hazardous, no driver of a vehicle proceeding along such highway shall at any time drive on the left side of such markings." VTL § 1126(a). As an initial matter, it is unclear whether this provision applies to U-turns. *See Adames v. United States*, No. 06 Civ. 3922 (CLP), 2010 WL 1633441, at *5 (E.D.N.Y. Apr. 21, 2010) ("Section 1126(a) of the [VTL] makes it unlawful to pass on the left side of a double yellow line."). In any event, even if it does, it is not undisputed that Deck in fact crossed a double yellow line when he made the U-turn at York Avenue and 88th Street. In fact, the Google Street View maps submitted by Sanchez show the double yellow lines that divide York Avenue terminating at the East 88th Street intersection. (Shore Aff. Ex. 3.) Further, even if this fact were established beyond genuine dispute, "a violation of [§ 1126(a)] may be excused if it is established that the driver exercised reasonable care in an effort to comply with it." *Clarke v. Condon*, 52 A.D.3d 764, 764-65 (N.Y. App. Div. 2008). The Government raises a triable issue of fact as to whether

---

[3] Sanchez also argues that Deck's U-turn was per se negligent because it violated New York City Traffic Rules and Regulations § 4-05(b). (Pl. Memo at 3.) This argument fails because a violation of the New York City Traffic Rules and Regulations does not amount to negligence per se. Rather, because those Rules are a municipal ordinance, their violation is only evidence of negligence. *See Elliott*, 747 N.E. 2d at 762 ("As a rule, violation of a State statute that imposes a specific duty constitutes negligence per se, or may even create absolute liability. By contrast, violation of a municipal ordinance constitutes only evidence of negligence.") (internal citations omitted); *Shneider v. Diallo*, 14 A.D.3d 445, 446 (N.Y. App. Div. 2005) (violation of the New York City Traffic Rules and Regulations is only "some evidence of negligence") (citing *Elliott*). Deck's alleged violation of the municipal ordinance, then, is not dispositive; it is merely one piece of evidence of Deck's negligence that must be considered by the trier of fact, along with the rest of the evidence.

Deck exercised reasonable care to avoid crossing the double yellow line in making his U-turn. (*See* Deck Tr. at 34:23-35:4, 38:17-19, 40:21-41:24.)

Next, Sanchez argues that Deck's U-Turn violated the provision of the VTL that mandates that "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic . . . [a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." VTL § 1128(a). Again, the undisputed record does not establish that Deck violated this statute. Assuming without deciding that York Avenue was divided into two or more "clearly marked" lanes, and that Deck's U-turn could be considered a movement between lanes, the record contains evidence from which a reasonable finder of fact could find that Deck did determine that the turn would be safe before making it, by slowing his speed, checking for traffic in both directions, and indicating with his vehicle's turn signal. (*See* Deck Tr. at 34:23-35:4, 38:17-19, 40:21-41:24, 42:18-21.)

Finally, Sanchez argues that Deck violated VTL § 1160(e), which directs a driver who intends to make a U-turn at an intersection to make the turn "from and to that portion of the highway nearest the marked center line." This is Sanchez's strongest argument, as this section clearly applies to Deck's U-turn. Nonetheless, there are triable issues of fact as to whether Deck violated this provision. Deck's deposition testimony is not clear on precisely where his vehicle was located when he began and ended the U-turn at the intersection of York and 88th Street. (*See* Deck Tr. at 27:21-38:15, 44:17-47:18.)

      **B.**    **Proximate Cause and Comparative Negligence**

Even were the Court to hold that Deck's U-turn violated the VTL, summary judgment would not be appropriate. "'Negligence per se is not liability per se . . . because the protected

class member still must establish that the statutory violation was the proximate cause of the occurrence.'" *Auz v. Century Carpet, Inc.*, No. 12 Civ. 417 (LGS), 2014 WL 199511, at *3 (S.D.N.Y. Jan. 17, 2014) (quoting *Dance v. Town of Southampton*, 95 A.D.2d 442, 445-46 (N.Y. App. Div. 1983)). "Here, as the parties cannot even agree about who collided into whom, Plaintiff has not established that a traffic violation was the proximate cause of the collision." *Id.*

Moreover, the Government has identified several triable issues regarding whether Sanchez was at fault in the accident, and whether his fault was a proximate cause of the accident. "'There can be more than one proximate cause of an accident, and the issue of comparative negligence is generally a question for the jury to decide.'" *Id.* (quoting *Jahangir v. Logan Bus Co.*, 89 A.D.3d 1064, 1065 (N.Y. App. Div. 2011)); *see also Allison v. Rite Aid Corp.*, 812 F. Supp. 2d 565, 569 (S.D.N.Y. 2011) (citing C.P.L.R. § 1412 for the proposition that a defendant bears the burden of proof on the issue of the plaintiff's comparative negligence). A rational jury could find, on the basis of the parties' evidentiary submissions, that Sanchez failed to observe Deck's vehicle as he crossed the intersection (*see* Sanchez Tr. at 107:12-109:20), or that he failed to travel in a bike lane or near the right-hand curb of York Avenue, as required by VTL § 1234(a) (*see* Deck Tr. at 43:8-10, 46:17-23; Sanchez Tr. at 104:10-16; Shore Aff. Ex. 2). The latter would make Sanchez negligent per se, *see Ortiz v. Kinoshita & Co.*, 30 A.D.2d 334, 335 (N.Y. App. Div. 1968) (plaintiff's undisputed violation of VTL § 1234(a) constituted negligence per se); the former could make him partially responsible for the accident, *see Smith v. New York*, 121 A.D.3d 1358, 1359 (N.Y. App. Div. 2014) (affirming decision holding that a bicyclist was partially negligent where she "had a fairly clear sight line and should have been able to see the [vehicle] in time for her to react and possibly avoid the collision"). These are genuine issues of material fact that cannot be resolved on summary judgment.

**IV.     Conclusion**

Sanchez's motion for summary judgment is DENIED.  The Clerk of Court is directed to close the motion at Docket Number 32.

SO ORDERED.

Dated:  February 17, 2015
        New York, New York

_____
J. PAUL OETKEN
United States District Judge